IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REECO DENNIS, | ) | Case No. 1:20-cv-171 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| HAROLD MAY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION**[1] |

On March 12, 1996, Reeco Dennis took Tonette Abner to an empty field, raped her, and

fled.  Twenty years later, DNA testing matched Dennis's DNA with fluid samples taken from

Abner's pants.  A Cuyahoga County, Ohio, jury found Dennis guilty of rape and kidnapping.

And Dennis was sentenced to 19 years' imprisonment.  Dennis now seeks a writ of habeas

corpus under 28 U.S.C. § 2254, raising two related claims of ineffective assistance of appellate

counsel.  ECF Doc. 1.  Specifically, Dennis asserts:

> **Ground One:** Appellate counsel was ineffective for not arguing that the trial
> court erred by not removing biased jurors (ECF Doc. 1 at 5); and

> **Ground Two:** Appellate counsel was ineffective for not arguing that trial counsel
> failed to challenge biased jurors (ECF Doc. 1 at 7).[2]

---

[1] This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation pursuant to Local Rule 72.1.

[2] Dennis previously raised his instant Ground One and Ground Two claims as Grounds Eight and Nine of a § 2254 petition he filed in Case No. 1:19-cv-749.  That petition was dismissed so that Dennis could exhaust state court remedies as to his other grounds for relief, and the Court granted Dennis leave to file a new petition omitting the unexhausted claims.  Docket for Case No. 1:19-cv-749, Doc. 17.  Dennis's current § 2254 petition comes as a result of that order.

Respondent Warden Harold May filed a return of writ on April 2, 2020.  ECF Doc. 7.  And

Dennis filed a traverse on June 12, 2020.  ECF Doc. 8.

Because all of Dennis's claims are meritless, I recommend that all of Dennis's claims be

DISMISSED and that his petition for writ of habeas corpus be DENIED.  I further recommend

that Dennis not be granted a certificate of appealability.

## I.     State Court Proceedings

### A.     Trial Court

On March 2, 2016, Dennis was charged with rape and kidnapping, both of which carried

one- and three-year firearm specifications.  Docket for Case No. 1:19-cv-749, Doc. 9-1 at 4-5.

Dennis pleaded not guilty.  Docket for Case No. 1:19-cv-749, Doc. 9-1 at 6.  On July 5, 2016, a

jury was empaneled.  ECF Doc. 7-1 at 2, 18-179.

During *voir dire*, the trial court asked the prospective jurors whether they had been or

knew someone who had been a victim of sexual assault.  ECF Doc. 7-1 at 21.  Juror 13

answered: "[I] [h]ad a great aunt who was raped probably 30 years ago.  I work with some

clients that have been victims and perpetrators of sexual abuse.  And I had an incident, we didn't

press any charges, but when I was 13 with a neighbor."  ECF Doc. 7-1 at 78-79.  Juror 14

answered: "[M]yself, and that was about 40 years ago. … It was somebody I knew, and I never

pushed it."  ECF Doc. 7-1 at 82.  The trial court asked whether Prospective Juror 14 was able to

sit and judge Dennis impartially, and she answered: "I think so."  ECF Doc. 7-1 at 82-83.

The prosecutor subsequently asked the jurors whether they had been or knew someone

who had been a victim of a crime.  ECF Doc. 7-1 at 107.  Juror 13 answered: "I had my car

broken into and my best friend's car was broken into."  ECF Doc. 7-1 at 118.  Juror 14 answered:

"My daughter … had some issues with neighbors trying to break into her apartment, and she did

call the police.  *** [A]nd then my mother's and father's house was broken into, but that was

about 30 years ago."  ECF Doc. 7-1 at 118-19.  The prosecutor asked Jurors 13 and 14 whether

they could be fair and impartial despite what had happened to them, and they answered, "Yes,"

and, "I can," respectively.  *Id.*

> During questioning by the defense, the following exchange with Juror 14 ensued:
>
> **Counsel:**  You mentioned that you've had a difficult experience in the past.
>
> **Juror:**  Yes
>
> **Counsel:**  And if you served on this jury, do you believe that that would color
> your opinion of Mr. Dennis as he sits here today?
>
> **Juror:**  No.
>
> **Counsel:**  Not at all?
>
> **Juror:**  No, because he's not the person.  *** [H]e's innocent until proven guilty
> . . . .
>
> **Counsel:**  Right.  As he sits here today, as you mentioned, he sits here an
> innocent man, correct?
>
> **Juror:**  Yes.
>
> **Counsel:**  Unless and until a jury says otherwise, right?
>
> **Juror:**  Right.

ECF Doc. 7-1 at 164-65.  The defense then asked: "Is there anyone who feels like based on their

own personal experiences they just can't give Mr. Dennis a fair shake just by virtue of the fact

that he's sitting in the defendant's chair?  Anyone?"  ECF Doc. 7-1 at 165-66.  No one raised a

hand.  ECF Doc. 7-1 at 166.

At the close of *voir dire*, the trial court asked for challenges for cause and peremptory

strikes.  ECF Doc. 7-1 at 171, 174.  The defense used two out of four peremptory strikes, neither

of which were used on Jurors 13 and 14.  ECF Doc. 7-1 at 174-75.  The jury was then

3

empaneled, with Jurors 13 and 14 serving on the jury as Jurors 7 and 8, respectively.  ECF Doc.

7-1 at 175-78.

Trial was held on the same day.  ECF Doc. 7-1 at 178; ECF Doc. 7-2 at 2.  The facts

established by the evidence, as determined by the Ohio Court of Appeals, are as follows:

> {¶2} In 1996, [Abner] was walking down a street late at night after she had
> finished her shift at work.  Dennis approached, pointed a gun at the back of her
> head, and ordered [Abner] to march to an empty field away from the street.  I was
> never determined whether the gun was real, and [Abner] only had a brief
> opportunity to see Dennis's face.  Once in the field, Dennis made [Abner] undo
> her pants, and he proceeded to rape her for several minutes.  She was unsure
> whether Dennis ejaculated, but immediately after Dennis absconded, [Abner]
> sought medical treatment.
>
> {¶3} The primary results of DNA testing originally identified [Abner's] then
> boyfriend.  There were two fluid samples, found on the waistband and the cuff of
> [Abner's] pants, containing a DNA profile from an unidentified contributor.
> Twenty years later, and within the statute of limitations, the state matched the
> DNA profile discovered in the two samples to Dennis.  [Abner] had never met
> him.  In the sample found in the waistband, Dennis could not be excluded as the
> contributor to an almost infinite degree of likelihood, but the sample from the pant
> cuff was not as definitive.  According to the state's expert, results of the second
> sample only "potentially" identified Dennis.

Docket for Case No. 1:19-cv-749, Doc. 9-1 at 78-79; *State v. Dennis*, 93 N.E.3d 277 (Ohio App.

Ct. 2017).[3]  The jury found Dennis guilty of rape and kidnapping, but not guilty of the firearm

specifications.  ECF Doc. 7-2 at 135-36; Docket for Case No. 1:19-cv-749, Doc. 9-1 at 17.  And

the trial court ordered Dennis to serve an aggregate 19-year prison sentence.  ECF Doc. 7-2 at

160-61; Docket for Case No. 1:19-cv-749, Doc. 9-1 at 18.

> **B.**     **Direct Appeal**

On July 18, 2016, Dennis appealed his convictions to the Ohio Court of Appeals.  Docket

for Case No. 1:19-cv-749, Doc. 9-1 at 20.  Through new counsel, Dennis filed a merits brief,

---

[3] These state court factual findings are presumed correct unless Dennis rebuts them by clear and
convincing evidence.  28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 801 (6th Cir. 2013).

asserting eight assignments of error, none of which are relevant to Dennis's instant petition. Docket for Case No. 1:19-cv-749, Doc. 9-1 at 26-48.  The state filed an appellee brief.  Docket for Case No. 1:19-cv-749, Doc. 9-1 at 49-75.  On June 22, 2017, the Ohio Court of Appeals determined that Dennis's assignments of error were meritless and affirmed his convictions. Docket for Case No. 1:19-cv-749, Doc. 9-1 at 76-89.

### C.     App. R. 26(B) Application to Reopen Appeal

On September 8, 2017, Dennis filed a pro se application to reopen his direct appeal pursuant to Ohio App. R. 26(B), alleging that appellate counsel was ineffective for not arguing that: (1) Dennis's Sixth and Fourteenth Amendment rights to a fair trial and impartial jury were violated when Jurors 13 and 14 served as jurors; and (2) trial counsel was ineffective when he failed to have Jurors 13 and 14 removed for cause.  Docket for Case No. 1:19-cv-749, Doc. 9-1 at 93.  In support of his first argument, Dennis asserted that the trial court had a duty to sua sponte dismiss Jurors 13 and 14 for cause.  Docket for Case No. 1:19-cv-749, Doc. 9-1 at 100. Dennis contended that Jurors 13 and 14 should have been removed for cause because they were both victims of sexual assault and, by extension, presumed to have been biased against him. Docket for Case No. 1:19-cv-749, Doc. 9-1 at 96-97.  Dennis further argued that Juror 14 was presumed to have been biased because she gave an uncertain answer ("I think so") when asked whether she could be fair and impartial.  Docket for Case No. 1:19-cv-749, Doc. 9-1 at 98-100. For the same reasons, Dennis argued that trial counsel had a duty to remove Jurors 13 and 14 for cause, and counsel's failure to seek removal resulted in biased jurors to sit on the jury, rendering the verdict presumptively unreliable.  Docket for Case No. 1:19-cv-749, Doc. 9-1 at 101-02.

The state filed a memorandum of law in opposition.  Docket for Case No. 1:19-cv-749, Doc. 9-1 at 110-16.  Dennis filed a reply, adding that he was not required to show plain error and

that seating a biased juror is neither a discretionary, nor a strategic, decision.  Docket for Case

No. 1:19-cv-749, Doc. 9-1 at 118-22.

On July 6, 2018, the Ohio Court of Appeals denied Dennis's application to reopen.

Docket for Case No. 1:19-cv-749, Doc. 9-1 at 123-35; *State v. Dennis*, 2018-Ohio-2723 (Ohio

App. Ct. July 6, 2018).  The court reasoned:

> {¶20} Crim. R. 24(C)(9) provides that a juror may be challenged for cause if the
> juror is possessed of a state of mind evincing enmity or bias toward a party.
> However, "no person summoned as a juror shall be disqualified * * * if the court
> is satisfied, from the examination of the juror or from other evidence, that the
> juror will render an impartial verdict * * *."  In the present case, both Juror Nos.
> 13 and 14 affirmed that despite all of what had happened to them, that they could
> be fair and impartial.  When Juror No. 13 was asked if she could be fair and
> impartial, she answered with an unequivocal "Yes."  And Juror No. 14 professed
> the same several times.  Such answers counter a challenge for cause.  *State v.
> Swift*, … 2014-Ohio-4041.

> {¶21} In *State v. Wallace*, … 2017-Ohio-7322, this court distinguished [*State v.*]
> *Zerla*[, 1992 Ohio App. LEXIS 1280 (Ohio Ct. App. Mar. 17, 1992)].  In *Zerla*,
> the prospective juror still suffered emotional trauma from the sexual assault, but
> in *Wallace* the prospective juror showed no indication that she was still suffering
> from emotional trauma from the incident.  Therefore, this court overruled the
> assignment of error that trial counsel was ineffective for failing to exercise a
> peremptory challenge and allowing a biased juror to be seated on the jury.  So too,
> in the instant case, the sexual assaults on Juror Nos. 13 and 14 had happened long
> in the past and there was no indication of continuing trauma.

> {¶22} Under Ohio law, error in the denial of a challenge of a juror for cause
> cannot be grounds for reversal when the defendant did not exhaust his peremptory
> challenges.  In the present case, trial counsel exercised only two of his four
> peremptory challenges.  This presented another hurdle for appellate counsel, in
> order to argue error in not striking for cause, he would probably have to argue for
> a change in Ohio law that peremptory challenges need not be exhausted in order
> to raise error in failing to excuse a juror for cause.  Appellate counsel is not
> deficient for failing to anticipate developments in the law or failing to argue such
> an issue.  *State v. Williams*, 74 Ohio App.3d 686 … (8th Dist. 1991).

> {¶23} Moreover, defense counsel did not challenge either juror for cause, which
> waives any alleged error in regard to those jurors.  Thus, appellate counsel would
> have had to argue this issue through the lens of plain error, which is taken with
> the utmost caution and only to prevent a manifest miscarriage of justice.  In the
> instant case, the DNA evidence could be viewed as dispositive.  Both Dennis and

6

[Abner] agreed that neither knew the other, and there was no evidence to indicate how Dennis's DNA got on [Abner's] pants except through the rape incident. Therefore, establishing a manifest miscarriage of justice or showing prejudice for purposes of ineffective assistance of counsel is problematic.

{¶24} Because the jurors affirmed that they could be impartial despite what happened to them, because the incidents were in the long past, because there was no evidence of continuing trauma, because appellate counsel would have probably had to argue for a change in the law, because he would have had to argue through the lens of plain error, and because the DNA evidence was the decisive evidence in the case making it difficult to prove a manifest miscarriage of justice or to show prejudice, appellate counsel in the exercise of professional judgement could have properly rejected the proposed assignment of error on juror impartiality.

Docket for Case No. 1:19-cv-749, Doc. 9-1 at 133-35.

On July 26, 2018, Dennis pro se appealed to the Ohio Supreme Court.  Docket for Case No. 1:19-cv-749, Doc. 9-1 at 136.  He filed a memorandum in support of jurisdiction, raising two propositions of law:

**Proposition of Law 1:**  An appellant is deprived effective assistance of appellate counsel when counsel fail[s] to raise a meritorious claim regarding the trial court's failure to remove bias[ed] jurors—who are themselves victims of sexual assault—from being seated on a rape trial.

**Proposition of Law 2:**  An appellant is deprived effective assistance of appellate counsel when counsel fail[ed] to raise a meritorious claim regarding trial counsel's ineffectiveness for not removing bias[ed] jurors—who are victims of sexual assault—from serving on defendant's rape jury trial.

Docket for Case No. 1:19-cv-749, Doc. 9-1 at 138.  In support, Dennis argued that there was a substantial risk that victims of sexual assault would be biased against the accused.  Docket for Case No. 1:19-cv-749, Doc. 9-1 at 141.  Jurors 13 and 14 having been victims of sexual assault, he argued, either the trial court or counsel should have taken action to remove them.  Docket for Case No. 1:19-cv-749, Doc. 9-1 at 141, 143-46, 148-49.  And the trial court and counsel's omissions deprived him of a fair trial.  *Id.*  By extension, Dennis argued that appellate counsel was ineffective for not raising either the trial court's or trial counsel's failure on appeal.  Docket

for Case No. 1:19-cv-749, Doc. 9-1 at 141, 147, 149-50.  On October 10, 2018, the Ohio

Supreme Court declined to exercise jurisdiction.  Docket for Case No. 1:19-cv-749, Doc. 9-1 at

165.

## II.    Law & Analysis

### A.    AEDPA Deference

To obtain a writ of habeas corpus, Dennis has the burden to prove that he is "in custody"

in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).

Because the Ohio Court of Appeals addressed Dennis's ineffective-assistance-of-appellate-

counsel claims on the merits, Dennis's Ground One and Ground Two claims are subject to the

deferential reasonableness standard under the Antiterrorism and Effective Death Penalty Act of

1996.  Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 124 ("AEDPA");  *Johnson v.*

*Williams*, 568 U.S. 289, 292 (2013).  Under AEDPA, habeas relief is only available when the

state court's decision: (1) was contrary to, or involved an unreasonable application of, clearly

established federal law as determined by the Supreme Court; or (2) was based on an

unreasonable determination of the facts in light of the record before the state court.  28 U.S.C.

§ 2254(d).  The relevant question isn't whether the state court got it right or wrong, but whether

the state court's determination was "unreasonable—a substantially higher threshold."  *Schriro v.*

*Landrigan*, 550 U.S. 465, 473 (2007).  "[A] strong case for relief does not mean the state court's

contrary conclusion was unreasonable."  *Harrington v. Richter*, 562 U.S. 86, 102 (2011).  The

petitioner must show that the state court's "decision was so lacking in justification that there was

an error well understood and comprehended in existing law beyond any possibility for

fairminded disagreement."  *Id.* at 103.

### B.     Ground One: Appellate Counsel's Failure to Argue Trial Court Error

#### 1.     Parties' Arguments

In his Ground One claim, Dennis argues that appellate counsel was ineffective for not arguing that the trial court erred by not removing biased jurors sua sponte.  ECF Doc. 1 at 5.

Warden May responds that the Ohio Court of Appeals' rejection of this claim was neither an unreasonable application of United States Supreme Court precedent nor an unreasonable determination of the facts in the record, largely reiterating the state court's reasoning.  ECF Doc. 7 at 25-26.

In his traverse, Dennis repeats the arguments he made in his Ohio App. R. 26(B) motion that Jurors 13's and 14's answers during *voir dire* created a presumption of bias, upon which the trial court should have acted.  ECF Doc. 8 at 10-16.

#### 2.     Ineffective-Assistance Standard

Criminal defendants have a Sixth and Fourteenth Amendment right to "reasonably effective assistance" of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To obtain relief on an ineffective-assistance claim, the petitioner must show that: (1) trial counsel's action or inaction was objectively unreasonable in light of all the circumstances of the case; and (2) "the deficient performance prejudiced the defense."  *Id.* at 687-88.  To meet the first *Strickland* prong, the petitioner has to overcome the presumption that trial counsel exercised reasonable professional judgment in light of the circumstances that counsel faced when making all significant decisions.  466 U.S. at 690.  And for "prejudice," the petitioner has to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  The already deferential *Strickland* standard becomes even more difficult to meet when combined with the highly deferential AEDPA

9

standard.  *Harrington*, 562 U.S. at 105.  The question becomes "not whether counsel's actions were reasonable, but whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."  *Id.*

> 3.    **Analysis**

The Ohio Court of Appeals' denial of Dennis's Ground One claim was neither contrary to, nor an unreasonable application of, *Strickland*.  28 U.S.C. § 2254(d).  The court explicitly cited and applied the two-prong deficiency and prejudice *Strickland* standard.  Docket for Case No. 1:19-cv-749, Doc. 9-1 at 127-28.  And the court reasonably concluded that Dennis failed to establish deficient performance or prejudice.  Docket for Case No. 1:19-cv-749, Doc. 9-1 at 133-35.

The Ohio Court of Appeals determined that counsel reasonably could have rejected Dennis's proposed argument because any such challenge would have been waived for not having been asserted by trial counsel, and Dennis did not suffer prejudice because appellate counsel would not have been able to establish a miscarriage of justice on plain error review.  *Id.*  Whether or not trial counsel's failure to exhaust his peremptory challenges waived any issue of trial court error on appeal regarding Jurors 13 and 14 is an issue of state law to which this court defers. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  Because the issue had been waived, appellate counsel reasonably could have determined that challenging the trial court's failure to remove Jurors 13 and 14 sua sponte would not have been considered by the Ohio Court of Appeals.  *See State v. Maurer*, 15 Ohio St. 3d 239, 268 (Ohio 1984) (declining to consider whether the jurors were influenced by the state's questions on *voir dire* when the defendant neither challenged the contested juror for cause nor exercised a peremptory challenge to prevent

10

the juror from serving); *see also State v. Valle*, 2000 Ohio App. LEXIS 988, at *11 (Ohio App. Ct. Mar. 13. 2000) (summarily overruling assignment of error challenging the trial court's failure to remove a juror when the defendant did not exercise a peremptory challenge to remove the juror or request removal for cause). Thus, there is a reasonable argument that appellate counsel satisfied *Strickland*'s performance prong. *Harrington*, 562 U.S. at 105.

Fair-minded jurists could also disagree on the correctness of the Ohio Court of Appeals' prejudice determination. *See Harrington*, 562 U.S. at 102-03. Had the issue of trial court error been raised and considered, it would have been reviewed for plain error, and counsel would have had to establish that the outcome of the trial "clearly would have been otherwise." *State v. Dean*, 146 Ohio St. 3d 106, 117 (Ohio 2015); *State v. Mammone*, 139 Ohio St. 3d 467, 480-81 (Ohio 2013). Fair-minded jurists could disagree on the correctness of the Ohio Court of Appeals' determination that appellate counsel would not have been able to meet that burden, especially given the forensic expert's testimony that: (1) Abner's pants on the day of the offense had two stains – one on the waistband and one on the right cuff – that tested "presumptive positive for semen," meaning they tested positive for acid phosphatase (an enzyme found in semen); (2) the DNA testing revealed a mixture of DNA profiles, one of which was consistent with Dennis's DNA profile; and (3) it was statistically unlikely that someone else in the world had the same DNA profile as Dennis's, with a 1 in 1.7 sextillion chance of someone else having the same DNA profile. ECF Doc. 7-1 at 248-50; ECF Doc. 7-2 at 4-5, 8-9, 11-12, 31-34. And although the DNA profile found on Abner's vaginal swab matched the DNA profile of Abner's boyfriend at the time of the offense, Abner testified that the rapist could not have been her boyfriend and that she had never seen the rapist before the offense. ECF Doc. 7-1 at 220, 226, 243-44; ECF Doc. 7-2 at 22-23, 42-44, 56. Therefore, the state court's conclusion that counsel was not

deficient and that Dennis suffered no prejudice on account of counsel's decision to not raise a trial-court error claim based on juror bias was not so lacking in justification that it was beyond any possibility for fair-minded disagreement.  *Harrington*, 562 U.S. at 102-03.

Accordingly, I recommend that Dennis's Ground One claim be DISMISSED as meritless.

### C.      Ground Two: Appellate Counsel's Failure to Argue Ineffective Assistance

#### 1.      Parties' Arguments

In his Ground Two claim, Dennis argues that appellate counsel was ineffective for not raising trial counsel's failure to challenge biased jurors.  ECF Doc. 1 at 7.

Warden May responds that the Ohio Court of Appeals' rejection of Dennis's Ground Two claim was neither an unreasonable application of United States Supreme Court precedent nor an unreasonable determination of the facts in the record, again reiterating the state court's reasoning.  ECF Doc. 7 at 27-29.

In his traverse, Dennis argues that it was unreasonable for appellate counsel to omit a claim concerning trial counsel's failure to remove obviously biased jurors.  ECF Doc. 7 at 18.

#### 2.      Analysis

The Ohio Court of Appeals' denial of Dennis's Ground One claim was neither contrary to, nor an unreasonable application of, *Strickland*.  28 U.S.C. § 2254(d).  Applying the *Strickland* standard, the Ohio Court of Appeals reasonably determined that Dennis suffered no prejudice on account of appellate counsel's omission of Dennis's proposed ineffective-assistance-of-trial-counsel claim.  Docket for Case No. 1:19-cv-749, Doc. 9-1 at 133-35.

The Ohio Court of Appeals essentially determined that, if appellate counsel had raised the issue of trial counsel's ineffective assistance, it would not have succeeded because Jurors 13 and 14 testified that they could be fair and impartial, the traumatic events they had experienced were

12

not recent, and there was no indication they were experiencing continuing trauma.  Docket for

Case No. 1:19-cv-749, Doc. 9-1 at 133.  Under Ohio law, challenges for cause – including those

based on bias – are governed by Ohio Crim. R. 24.  Ohio Crim. R. 24(C)(9).  The Ohio Court of

Appeals' determination that Jurors 13 and 14 would not have been removable under Ohio Crim.

R. 24 is a state law determination to which this court must defer.  *Estelle*, 502 U.S. at 67-68.

That Dennis did not suffer any resulting prejudice, either from trial counsel or appellate

counsel's omission, necessarily follow.  *Garcia v. Burt*, No. 17-1951, 2018 U.S. App. LEXIS

37314, at *13-14 (6th Cir. Feb. 5, 2018) (unreported).

Fair-minded jurists likewise could disagree on whether trial counsel acted reasonably in

not using a peremptory strike to remove the jurors.  One Ohio court has recognized that rape:

> is one of the most emotionally devastating [crimes] to its victims.  When victims
> of recent sexual crimes are seated on a jury in a rape case there is a substantial
> risk that they will identify themselves emotionally with the victim and against the
> accused . . . . [When] the crime is relatively recent and the juror has not yet fully
> recovered from the experience, it is difficult to believe that such a juror could be
> objective.  Under these circumstances, the juror's pledge to remain impartial and
> unbiased is insufficient to overcome the clear showing of bias implied from [a]
> recent and unresolved attack.

*State v. Zerla*, 1992 Ohio App. LEXIS 1280, at *7-8 (Ohio Ct. App. Mar. 17, 1992) (unreported).

But when the sexual assaults the jurors experienced were not recent and it is evident that "the

experience no longer actively influenced their lives," Ohio Courts have upheld jurors who have

suffered from sexual assault sitting on the jury.  *State v. Mundy*, 650 N.E.2d 502, 516 (Ohio App.

Ct. 1994); *State v. Miller*, 1996 Ohio App. LEXIS 1104, at *24 (Ohio Ct. App. Mar. 18, 1996)

(unreported).  In Dennis's case, trial counsel reasonably could have believed that Jurors 13 and

14 could have been fair and impartial because: (1) Juror 13 stated that she had an "incident"

when she was 13: (2) Juror 14 stated that her sexual abuse happened over 40 years earlier;

(3) Juror 14 thrice said she could be fair and impartial in Dennis's case; (4) Juror 13 stated, in

reference to other events in her past, that she could be fair and impartial in spite of what had happened to her; and (5) counsel had asked whether any juror felt that, based on their personal experiences, they couldn't give Dennis a "fair shake," and no one raised a hand.  ECF Doc. 7-1 at 78-79, 82-83, 118-19, 164-65.  The state court's conclusion that Dennis was not prejudiced by appellate counsel's failure to argue ineffective assistance of trial counsel based on trial counsel's decision not to move to remove Jurors 13 and 14 was, therefore, not so lacking in justification that it was beyond any possibility for fair-minded disagreement. *Harrington*, 562 U.S. at 102-03.

Accordingly, I recommend that Dennis's Ground Two claim be DISMISSED as meritless.

## III.     Certificate of Appealability

### A.     Legal Standard

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant."  Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253 (c)(2)," Rule 11(a).  In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the COA issue is included here.

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a COA for an issue raised in a §2254 habeas petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right. *Cunningham v. Shoop*, 817 F. App'x 223, 224 (6th Cir. 2020).  A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the

14

district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis,* 137 S. Ct. 759, 773 (2017) (quotation marks omitted); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  When a claim is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.

>   **B.    Analysis**

If the Court accepts my recommendations, Dennis will not be able to show that the Court's rulings on his claims are debatable among jurists of reason.  Dennis's Ground One and Ground Two claims are meritless.  Because jurists of reason would not find debatable that habeas relief is not available for any of the claims raised in Dennis's petition, I recommend that no certificate of appealability issue in this case.

## IV.    Recommendations

Because all of Dennis's claims are meritless, I recommend that Dennis's claims be DISMISSED and that his petition for writ of habeas corpus be DENIED.  I further recommend that Denis not be granted a certificate of appealability.

Dated: July 26, 2021

>   Thomas M. Parker
>   United States Magistrate Judge

---

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file

15

objections within the specified time may waive the right to appeal the District Court's order.  *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).