UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| REECO DENNIS, | CASE NO. 1:20-cv-00171 |
| Plaintiff, | OPINION & ORDER |
| | [Resolving Doc. 1] |
| v. | |
| WARDEN HAROLD MAY, | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Reeco Dennis is serving a nineteen-year sentence for rape and kidnapping.[1]

Under 28 U.S.C. § 2254, Petitioner Dennis filed a *pro se* petition for a writ of habeas corpus.[2] Magistrate Judge Thomas M. Parker filed a Report and Recommendation, recommending that this Court deny Dennis's petition.[3] Dennis objected to the Report and Recommendation.[4] This Court reviews the objected-to portions *de novo*.[5]

For the following reasons, the Court **OVERRULES** Petitioner Dennis's objections, **ADOPTS** Magistrate Judge Parker's Report and Recommendation, and **DENIES** Dennis's habeas corpus petition.

I. Background

In 2016, a Cuyahoga County jury found Petitioner Dennis guilty of rape and kidnapping.[6] Previously, Dennis unsuccessfully challenged his conviction in state court

---

[1] Doc. 1 at 1.
[2] *Id.* Warden May filed a return. Doc. 7. Dennis filed a traverse. Doc. 8.
[3] Doc. 9. *See* Local Rule. 72.2.
[4] Doc. 10.
[5] 28 U.S.C. § 636(b)(1)(C).
[6] Doc. 7-2 at 135–36.

Case No. 1:20-cv-00171
GWIN, J.

through direct and collateral appeal.[7]

Now, Dennis challenges his conviction in this court under 28 U.S.C. § 2254. In his habeas corpus petition, Dennis raises two related ineffective assistance of appellate counsel claims.[8] Magistrate Judge Parker addressed both grounds in a Report and Recommendation.[9]

Petitioner Dennis objects to Magistrate Judge Parker's Report and Recommendation.[10] This Court addresses Dennis's objected-to grounds in turn.

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[11] controls federal courts' review of a state prisoner's habeas corpus petition. Under AEDPA, federal courts may only consider habeas claims involving the United States' Constitution, laws, or treaties.[12]

Further, AEDPA prohibits federal courts from granting a habeas petition for any claim after a state court denied the claim on the merits unless the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of facts in light of the evidence presented in the State court proceeding.[13]

Criminal defendants have a Sixth and Fourteenth Amendment right to "reasonably effective assistance" of counsel.[14] To obtain relief on an ineffective-

---

[7] Docket of Case No. 1:19-cv-00749, Doc. 9-1.
[8] Doc. 1. Dennis previously raised his instant Ground One and Ground Two claims as Grounds Eight and Nine of a § 2254 petition he filed in Case No. 1:19-cv-00749. The district court dismissed that petition and granted Dennis leave to file a new petition omitting the unexhausted claims. Docket of Case No. 1:19-cv-749, Docs. 16; 17.
[9] Doc. 9.
[10] Doc. 10.
[11] Pub. L. No. 104–132, 110 Stat. 1214 (1996).
[12] 28 U.S.C. § 2254(a).
[13] *See* 28 U.S.C. § 2254(d); *see also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).
[14] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Case No. 1:20-cv-00171
GWIN, J.

assistance claim, the petitioner must show that: (1) counsel's action or inaction was objectively unreasonable in light of all the circumstances of the case; and (2) "the deficient performance prejudiced the defense."[15] This standard applies to both claims of ineffective assistance of trial and appellate counsel.[16]

The already deferential *Strickland* standard is even more difficult to meet when combined with the highly deferential AEDPA standard.[17] The question is "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[18]

### III. Discussion

Petitioner Dennis brings two related but distinct ineffective assistance of appellate counsel claims.[19] In Ground One, he argues his appellate counsel was ineffective for not arguing that the trial court erred in seating biased jurors. In Ground Two, he argues his appellate counsel was ineffective for not arguing that his trial counsel was ineffective for not removing biased jurors.

#### A. Ground One

In Ground One, Petitioner Dennis claims that his appellate attorney was ineffective for not arguing that the trial court erred in seating biased jurors.[20] He argues that Juror 13's and 14's[21] *voir dire* answers support a bias presumption.

Dennis raised this claim in his state-court post-conviction 26(B) Application.[22] The

---

[15] Id. at 687–88.
[16] *Jackson v. Bradshaw*, 681 F.3d 753, 774 (6th Cir. 2012) (citation omitted).
[17] *Harrington v. Richter*, 562 U.S. 86, 105 (2011).
[18] *Id.*
[19] Doc. 1.
[20] Doc. 1 at 5; Doc. 8.
[21] Jurors 13 and 14 were seated as Jurors 7 and 8 respectively. *See* Doc. 7-1 at 175–77.
[22] Docket of Case No. 1:19-cv-00749, Doc. 9-1 at 93. Ohio R. App. P. 26(B).

Case No. 1:20-cv-00171
GWIN, J.

Ohio Court of Appeals decided that Dennis's appellate counsel reasonably could have declined to raise this claim on appeal because trial counsel waived the claim by not requesting Juror 13 and Juror 14 be removed for cause.[23] The Ohio court also decided that the failure to raise the direct appeal claim did not prejudice Dennis because appellate counsel would not have been able to show plain error.[24]

The reviewing Ohio appellate court explained that under Ohio law, a defendant who does not challenge a juror for cause "waives any alleged error in regard to that prospective juror."[25] Further, "error in the denial of a challenge of a juror for cause cannot be grounds for reversal when the defendant did not exhaust his peremptory challenges."[26]

Here, trial counsel did not challenge Juror 13 or Juror 14 for cause and exercised only two of his four peremptory challenges.[27] Therefore, to raise this claim appellate counsel would have needed to argue for a later change in Ohio law. The Ohio court concluded that "[a]ppellate counsel is not deficient for failing to anticipate developments in the law or failing to argue such an issue."[28]

Whether trial counsel waived any issue of trial court error on appeal is a state law issue to which this court defers.[29] Because trial counsel waived the issue, the Ohio appellate court could reasonably find that Dennis did not show appellate counsel's decision not to raise this claim broke *Strickland*'s performance prong.

If appellate counsel had raised this claim, the trial court's decision would have been

---

[23] Docket of Case No. 1:19-cv-00749, Doc. 9-1 at 134.
[24] *Id.*
[25] *State v. Mammone*, 13 N.E.3d 1051, 1072 (Ohio 2014).
[26] *State v. Getsy*, 702 N.E.2d 866, 880 (Ohio 1998).
[27] Docket of Case No. 1:19-cv-00749, Doc. 9-1 at 134.
[28] *Id.* (citing *State v. Williams,* 600 N.E.2d 298, 305 (Ohio Ct. App. 1991) ("[C]ounsel's performance could not be deficient for failing to anticipate a change in the law")).
[29] *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

- 4 -

Case No. 1:20-cv-00171
GWIN, J.

reviewed for plain error.[30] Appellate counsel would have had to establish that "the outcome of the trial [with two different jurors] clearly would have been otherwise."[31] The Ohio court decided that appellate counsel would not have met that burden, given the DNA evidence linking Dennis to the complaining witness.[32] Therefore, the Ohio court decided Dennis suffered no *Strickland* prejudice. This conclusion was reasonable.

Therefore, Dennis's first claim for relief fails.

### B. Ground Two

In Ground Two, Petitioner Dennis claims that his appellate counsel was ineffective for not arguing that his trial counsel was ineffective for not challenging biased jurors.[33]

Dennis raised this claim in his 26(B) Application.[34] Again applying the *Strickland* standard, the Ohio Court of Appeals decided that appellate counsel's decision not to raise this claim was reasonable and Dennis suffered no prejudice from its omission.[35]

Dennis's trial counsel neither challenged Jurors 13 and 14 for cause, nor did he exercise peremptory strikes on them.

The Ohio Court of Appeals decided that if appellate counsel had challenged trial counsel's effectiveness based on his failure to challenge Jurors 13 and 14 for cause, appellate counsel would not have succeeded.

The Ohio court explained that Ohio Crim. R. 24 governs challenges for cause, including those based on bias.[36] Ohio courts recognize that there is a "substantial risk" that

---

[30] *State v. Dean*, 54 N.E.3d 80, 103 (Ohio 2015).
[31] *State v. Cepec*, 75 N.E.3d 1185, 1203 (Ohio 2016).
[32] Docket of Case No. 1:19-cv-00749, Doc. 9-1 at 134. *See* Docs. 7-1 at 248–50; 7-2 at 4–5, 8–12, 31–34.
[33] Doc. 1 at 7; Doc. 8.
[34] Docket of Case No. 1:19-cv-00749, Doc. 9-1 at 93. Ohio R. App. P. 26(B).
[35] Docket of Case No. 1:19-cv-00749, Doc. 9-1 at 132–33.
[36] Ohio Crim. R. 24.

Case No. 1:20-cv-00171
GWIN, J.

"victims of recent sexual crimes" "will identify themselves with the victim and against the accused."[37] However, when the sexual assaults occurred many years ago and "the experience no longer actively influence[s] [the jurors'] lives," Ohio courts have upheld seating jurors who have been sexually assaulted.[38]

In this case, Juror 13 testified that her assault occurred when she was 13 years old and Juror 14 testified that her assault was 40 years prior. Both assaults occurred long ago. And they testified they could be fair and impartial, the traumatic events they had experienced were not recent, and there was no indication they were experiencing continuing trauma.[39]

The state court's determination that Jurors 13 and 14 would not have been removable under Ohio Crim. R. 24 is a state law determination to which this court defers.[40] The Ohio court's decision that appellate counsel satisfied *Strickland*'s performance prong was therefore reasonable.[41] Because the challenge to Jurors 13 and 14 would not have been successful, Dennis cannot prove prejudice.

The Ohio Court of Appeals further decided that—based on the above facts—appellate counsel was not ineffective for not raising a claim that trial counsel was ineffective for failing to use peremptory strikes on Jurors 13 and 14.[42] This determination was not contrary to, nor an unreasonable application of, federal law.[43]

---

[37] *State v. Zerla*, No. 91AP-562, 1992 WL 55433, at *3 (Ohio Ct. App. Mar. 17, 1992).
[38] State v. Mundy, 650 N.E.2d 502, 516 (Ohio Ct. App. 1994).
[39] Docket of Case No. 1:19-cv-00749, Doc. 9-1 at 133; Doc. 7-1 at 78–79, 82–83, 118–19, 164–66.
[40] *Estelle*, 502 U.S. at 67–68.
[41] *See also Dickens v. Chapman*, No. 2:17-CV-11560, 2019 WL 3456883, at *8 (E.D. Mich. July 31, 2019) ("Counsel is not ineffective in failing to challenge a juror for cause, when a juror indicates that he can be fair and impartial.").
[42] Docket of Case No. 1:19-cv-00749, Doc. 9-1 at 133–34.
[43] *See Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001) ("Counsel is [] accorded particular deference when conducting *voir dire*. An attorney's actions during *voir dire* are considered to be matters of trial strategy. A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness.") (internal citations omitted); *Miller v. Francis*, 269 F.3d 609, 616 (6th Cir. 2001) (when a claim of ineffective assistance of counsel is founded on a claim that counsel failed to strike a biased juror, the defendant must show that the juror was actually biased against him).

Case No. 1:20-cv-00171
GWIN, J.

Dennis's second claim for relief fails.

IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** Magistrate Judge Parker's Report and Recommendation, and **DENIES** Dennis's habeas corpus petition. The Court **DECLINES** to issue a certificate of appealability for either ground.[44]

IT IS SO ORDERED.

Dated: February 17, 2022                    *s/    James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[44] 28 U.S.C. § 2253(c)(1)(A); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (a court will grant a certificate for appealability for an issue raised in a § 2254 habeas petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right and can demonstrate that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.").

- 7 -